UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CURTIS B.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C17-1893 BAT

**ORDER AFFIRMING THE COMMISSIONER'S DECISION AND DISMISSING WITH PREJUDICE**

Plaintiff appeals the ALJ's decision finding him not disabled. After conducting two hearings, the ALJ found degenerative disc disease, depression and anxiety are severe impairments and that plaintiff retains the RFC to perform medium work with the following limitations: he can occasionally reach overhead bilaterally; he can climb ladders and scaffolds frequently; he should avoid concentrated exposure to machinery causing vibrations; and he can have only occasional interaction with coworkers and the public. With this RFC, the ALJ found plaintiff cannot perform past relevant work but based upon the testimony of VE Paul Morrison, can perform other work in the national economy. Tr. 22-35.

Plaintiff contends the ALJ misevaluated his testimony, and the opinions of his therapist, David Moeglein, which is co-signed by Art Tolentine, Ph.D., and failed to address a report plaintiff submitted after the second hearing (but dated more than a year before that hearing),

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING WITH PREJUDICE - 1

which plaintiff contends rebutted the hearing testimony of the VE. Dkt. 18 at 1. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice for the reasons below.

## DISCUSSION

### A. Evaluation of Plaintiff's Testimony

The ALJ did not find malingering and was thus required to provide "clear and convincing" reasons to reject plaintiff's testimony. *Morgan v. Commissioner of SSA*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ properly rejected plaintiff's testimony as inconsistent with the medical evidence and the other evidence of record. Tr. 26, 29. *See Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996) (ALJ may reject plaintiff's testimony based upon inconsistencies between the testimony and plaintiff's conduct, activities, other testimony and medical evidence.); *see also Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

Substantial evidence supports this determination. The ALJ found plaintiff's claim he does not walk due to pain and his fear of going outside, is inconsistent with medical records indicating plaintiff engaged in regular exercise for 20 minutes twice a week, including a statement by plaintiff that he had taken a six mile walk. Tr. 29, 445, 601. The ALJ found plaintiff's testimony he does not perform household chores was contradicted both by plaintiff's own statements he does laundry and cleaning and by therapy records indicating plaintiff finds sweeping relaxing and recommending he sweep floors daily. Tr. 29, 518. The ALJ also noted examining physician, Dr. Fario, observed plaintiff exerted "submaximal effort" on strength and motor testing. Tr. 28, 482.

As to plaintiff's mental health, the ALJ noted plaintiff reported depression and panic attacks going back to his childhood teenage years; however, despite those symptoms he was able

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING WITH PREJUDICE - 2

to maintain full-time employment for 27 years. Tr. 30, 256. In contrast to plaintiff's testimony that he was fired due to his panic attacks, Tr. 62, the ALJ noted that at a March 27, 2014, visit to his primary care physician just weeks after he ceased working, plaintiff reported good health and made no complaints of anxiety or panic attacks. Tr. 30, 444. Plaintiff mentioned stress from being "laid off," but gave no indication he ceased work due to panic attacks. *Id*. Furthermore, the ALJ observed plaintiff told examining physician Dr. Fario that his disability arose from a bulging disc in his neck. Tr. 479. Similarly, plaintiff reported to his primary care physician on October 9, 2015, he was not working because of his neck problem. Tr. 566. The ALJ also noted consulting psychologist Richard Washburn, Ph.D., observed, upon an examination several months after plaintiff's March, 2014 primary care visit, plaintiff was neither depressed nor anxious, and had not reported such symptoms during his primary care visit, in contrast to plaintiff's self-report to Dr. Washburn that he was experiencing "severe" symptoms. Tr. 27, 30-31, 473, 475.

Plaintiff does not challenge any of these findings. Instead, he asserts the ALJ erred only in failing to acknowledge his "strong working history." Dkt. 18 at 1. This argument fails. First, the failure to challenge the ALJ's findings that the record contradicted plaintiff's testimony is fatal. This is because even if the ALJ's assessment of plaintiff's work history is erroneous, the error is harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence). In short, because the ALJ gave specific, clear and convincing reasons, supported by substantial evidence, to reject plaintiff's testimony, the Court affirms the ALJ's credibility determination.

1  **B.    Evaluation Therapist Moeglein's Opinions**

2       Plaintiff contends the ALJ erred in discounting the opinion of plaintiff's therapist, David
3  Moeglein, LICSW, contained in an August 16, 2016, statement and co-signed by Art Tolentine,
4  Ph.D. Tr. 647-651. Mr. Moeglein has been plaintiff's treating therapist since January, 2016 and
5  the record contains his treatment notes, which include a brief mental health assessment and notes
6  of plaintiff's therapy sessions. Tr. 507-520, 623-627. In the August 16, 2016 report, Mr.
7  Moeglein diagnosed agoraphobia, panic disorder and dysthemic disorder. Tr. 647. The diagnoses
8  are consistent with Mr. Moeglein's therapy notes, and with the report of examining psychologist
9  Richard Washburn, Ph.D. Tr. 475, 513-520, 623-27. However, the remainder of the report lacks
10 any support for the diagnoses. The report checks boxes indicating plaintiff's activities of daily
11 living are "not limited," but his social functioning is "extremely limited," giving as examples
12 fear of public places, bridges and being stuck in traffic. Tr. 649. The report also notes impaired
13 concentration, "markedly limited" ability to remember locations and work-like procedures, and
14 checks boxes indicating an inability to concentrate more than one hour and inability to maintain
15 regular attendance or to be punctual. Tr. 650. The report states plaintiff would be "off task" 25
16 percent of the time and would likely be absent from work 4 days a month. Tr. 651.

17     The ALJ gave Mr. Moeglein's opinions partial weight, Tr. 31, but not full weight finding
18 the opinions were not entirely supported by evidence. Tr. 32. The ALJ found Mr. Moeglein's
19 opinions about plaintiff's limitations conflicted with plaintiff's statement in his Function Report
20 that he socializes on line, does not feel his condition affects his ability to get along with others,
21 and that he gets along well with authority figures. Tr. 32, 270-71. In addition, the ALJ found Mr.
22 Moeglein's opinion plaintiff would be off task 25 percent of the time was inconsistent with
23 plaintiff's report that his condition did not affect his ability to remember, complete tasks,

concentrate, or to understand or follow written and spoken instructions. *Id*. The ALJ found significant that Mr. Moeglein noted plaintiff's panic attacks began at age 18, yet Mr. Moeglein did not account for the fact plaintiff sustained full time work for 27 years despite this condition. Tr. 32.

The ALJ also discounted Mr. Moeglein's opinions as inconsistent with findings by examining psychologist, Richard Washburn, Ph.D., who conducted a mental status examination that demonstrated average attention and concentration; Dr. Washburn also noted inconsistencies between plaintiff's reporting and his statements to his primary care physician just four months earlier, which Mr. Moeglein had not considered.[1] Tr. 33, 470-476. The ALJ noted Mr. Moeglein "appears to have simply accepted the claimant's subjective complaints." Tr. 33.

Plaintiff argues Mr. Moeglin's report must be accorded weight as a treating opinion from a specialist, Dr. Tolentine. Dkt. 22 at 11-12. But the record establishes all of plaintiff's treatment was performed by therapist Moeglein; Dr. Tolentine's name appears in plaintiff's treatment records only as a co-signatory on the report in question. Tr. 651. The treatment records contain no notes from Dr. Tolentine, no indication plaintiff ever met with Dr. Tolentine, and no evidence of any treatment or examination by Dr. Tolentine. Tr. 507-520, 623-627. There is no evidence Dr. Tolentine supervised or consulted with Mr. Moeglein, or had any role in plaintiff's care other than adding his name to the report of the therapist who performed all treatment. *Id*. The ALJ accurately found the co-signed report contained Mr. Moeglein's opinions. Tr. 31-32.

---

[1] While the ALJ considered the results of Dr. Washburn's mental status examination and other findings in assessing plaintiff's RFC, he did not weigh them, because Dr. Washburn did not provide an assessment of plaintiff's functioning. Tr. 31. With respect to plaintiff's mental impairments, the ALJ gave "great weight" to the opinions of two state agency psychologists, finding that their opinions that plaintiff could work with others for brief periods and accept supervision were consistent with the record. Tr. 30. Based on these opinions, the ALJ placed limitations on plaintiff's interactions with others in his RFC. *Id.*

Mr. Moeglein's opinion thus cannot be deemed as provided by an "acceptable medical source" and is not entitled to the deference accorded a treating source opinion. 20 C.F.R. §§ 404.1513(a) and (f)[2]; *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996) *superceded by regulation on other grounds as stated in Boyd v. Colvin,* No. 11-36035, 524 Fed.Appx. 334 (9th Cir. April 30, 2013). The mere fact that an opinion by an "other source" was co-signed by an acceptable medical source cannot transform it into a treating source opinion, absent evidence—which is wholly lacking here—that the other source was acting as an agent of the physician. *Hutchens v. Astrue*, No. 10-35513, 433 Fed.Appx 510, 512 (9th Cir. May 10, 2011); *Bain v. Astrue*, No. 07-35635, 319 Fed.Appx. 543, 546 (9th Cir. Mar. 12, 2009). [3] Accordingly, Mr. Moeglein's report is an opinion from an "other source," which the ALJ must consider but may discount for specific and germane reasons. *Gomez*, 74 F.3d at 970; *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

The ALJ identified specific and germane reasons for not according full weight to Mr. Moeglein's report. First, the check-box opinion conflicts with plaintiff's report of his own capacity to concentrate, remember and follow instructions. Tr. 269-70. Second, the cursory opinion is not based upon testing or findings and conflicts with the results of testing performed by examining psychologist Dr. Washburn, which demonstrated plaintiff had "at least fair"

---

[2] This regulation applies only to cases, like this one, in which the application for benefits was filed before March 27, 2017.

[3] District courts have likewise concluded that review or sign-off by a physician cannot by itself transform an "other source" evaluation into an acceptable medical source opinion. *Ramirez v. Astrue*, 803 F.Supp.2d 1075, 1081-82 (C.D. Cal. 2011) (physician's co-signature on plan prepared by social worker did not indicate the social worker was under close supervision of the physician in treating or in preparing the reports); *Nichols v. Comm'r of Soc. Sec. Admin.*, 260 F. Supp. 2d 1057, 1066-67 (D. Kan. 2003) (nurse practitioner's report signed by physician is not from an acceptable medical source where there was no evidence nurse practitioner was working closely under physician's supervision, consulted with the physician during the course of treatment, or that the claimant was ever seen or treated by the physician) (citing *Gomez*).

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING WITH PREJUDICE - 6

memory and "adequate" auditory attention and concentration, Tr. 474; indeed, Mr. Moeglein's own initial assessment states plaintiff's memory was "intact." Tr. 509-510. Finally, Mr. Moeglein notes plaintiff's condition has existed since age 18, but fails to account for plaintiff's ability to work for 27 years despite the condition. Tr. 231. *See Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJs "may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, [] or by objective medical findings."). The Court concludes the ALJ properly discounted the weight given to Mr. Moeglein's opinions and affirms the ALJ's determination.

**C.    Post-Hearing VE Testimony**

The ALJ found, based on the testimony of VE Paul Morrison, that plaintiff could perform jobs that exist in significant numbers in the national economy. Tr. 34. VE Morrison testified the following jobs set forth in the Dictionary of Occupational Titles (DOT) fit within the hypothetical posed by the ALJ: hand packager (42,000 jobs nationally); recycler/reclaimer (44,000 jobs nationally), and kitchen helper (274,000 jobs nationally). Tr. 89. VE Morrison also testified at a supplemental hearing on July 11, 2016; the second hearing was called after plaintiff filed a post-hearing brief stating objections to the VE testimony in the original hearing held on February 29, 2016. Tr. 84. [4] VE Morrison testified, based upon his experience and the Standard Occupational Classification System, that none of the jobs above would require overhead reaching. Tr. 90. Plaintiff's counsel asked only two questions on cross-examination: how VE Morrison had identified the jobs, and how he had determined the number available. Tr. 92.

---

[4] The VE who testified at the original hearing, Richard Hincks, was not available for the supplemental hearing, so a new VE, Mr. Morrison, was called. Tr. 87.

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING WITH PREJUDICE - 7

Plaintiff's counsel did not lodge objections as to the VE's qualifications or testimony. *Id*. The ALJ concluded the VE's testimony was consistent with the DOT, and relied upon it. Tr. 34.

Plaintiff argues the ALJ's reliance upon the VE was erroneous, because the ALJ failed to discuss in his opinion a document plaintiff submitted after the second hearing, which he describes as "rebuttal evidence" to the VE's testimony. Dkt. 18 at 2-6. Plaintiff asserts this statement, dated October 1, 2015, by Paula Santagati, a Senior Vocational Rehabilitation Counselor, establishes plaintiff's restrictions on interacting with co-workers and the general public preclude all work. Dkt. 18 at 5.

The Court rejects plaintiff's argument that Ms. Santagati's statement undermines the ALJ's step five determination. Ms. Santagati created her statement more than a year before VE Morrison's testified, and nearly four months before VE Hincks' testimony. Tr. 391. Thus, in no way was it created to respond to the VEs' opinions. In fact, it bears no relationship to this case. The document contains no discussion of the plaintiff or his circumstances and does not discuss any of the jobs identified in either of the hearings in this case. Tr. 390. Instead, Ms. Santagati discusses jobs and employers with no connection to this case: cashier positions at CVS and Shaw's Supermarket, dishwashing at Healthcare Services, factory work at Gillette, and unspecified employment at Merry Maids and Benchmark Senior Living Communities. *Id.* She then makes a sweepingly broad conclusion based upon these inapplicable examples: namely, that no claimant restricted to "occasional" interaction with co-workers could ever be employable, because the time required for any employee to undergo training will always exceed an "occasional" level of interaction. Tr. 391.

Accordingly, Ms. Santagati's generic statement is not "rebuttal evidence"; it is entirely divorced from any fact in this case and does not demonstrate the VE testimony was incorrect or

that no "'reasonable mind'" could accept the VEs' testimony. *Farias v. Colvin*, 519 Fed.Appx. 439, 440 (9th Cir. 2013). Furthermore, courts around the country have repeatedly found no error in ALJs' acceptance of VE testimony over what appears to be the same generalized statement of Ms. Santagati. *See*, *e.g. Looney v. Berryhill*, No. 3:17 cv 450 (DJN), 2018 WL 3826778 at *12 (E.D. Va. Aug. 10, 2018) (no error in ALJ's disregard of Ms. Santagati's report, where it made only a "generalized statement" and there was no record that "Santagati reviewed Plaintiff's case at all.").[5]

The Court also rejects plaintiff's argument the ALJ was required to address Ms. Santagati's statement under Hearings, Appeals, and Litigation Manual ("HALLEX") § I-2-6-74(B). Dkt. 18 at 4. The argument is misplaced. The Ninth Circuit has repeatedly held that the HALLEX does not impose judicially enforceable duties. *See Roberts v. Comm'r of Soc. Sec. Admin.*, 644 F.3d 931, 933 (9th Cir. 2011); *Lockwood v. Comm'r Soc. Sec.,* 616 F.3d 1068, 1072 (9th Cir. 2010).[6]

---

[5] *See also Rosado v. Berryhill*, No. 4:16-cv-00173, 2018 WL 816578 at *14 (E.D. Va. Jan. 22, 2018) (no error in ALJ's finding that VE's testimony was "more . . . consistent with reality" than Ms. Santagati's conclusions);  *Kidd v. Berryhill*, No. 5:17-CV-420-REW, 2018 WL 3040894 at *4 (E.D. Ky. June 19, 2018) (Ms. Santagati's "most generalized (and quite radical)" report "said **utterly nothing** specific" about plaintiff) (emphasis in original); *Lara v. Berryhill*, B-17-77, 2017 WL 7790109 at *9-10 (S.D. Texas Dec. 4, 2017) ("Santagati identifies no factual basis beyond her own opinion as to why every job in America requires more than occasional interaction with others"); *Reeves v. Berryhill*, 3:16-CV-2510, 2017 WL 3433706 at *11 (M.D. Pa. Aug. 10, 2017) (where plaintiff made no objection to VE's expertise, ALJ properly relied on VE's testimony over Ms. Santagati's letter and was not required to explain why the letter was ignored).

[6] Plaintiff quotes from an unreported order on a stipulation for remand in *Parker v. Colvin*, No. 14-35794, 2015 U.S. App. LEXIS 21390 (9th Cir. Mar. 12, 2015) as purported authority requiring compliance with the HALLEX. The order, signed by the Circuit Mediator, is not authority; it merely approves a stipulation that quotes from a former provision of HALLEX 1-2-5-55—which was removed before the ALJ issued his decision in this case.  Transmittal No. 1-2-174.

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING WITH PREJUDICE - 9

Moreover, the HALLEX provision applies only to objections raised at the hearing conducted by the ALJ, not evidence presented after the hearing which is the case here. The Second Circuit rejected the very argument plaintiff makes here, finding no error in an ALJ's reliance on VE testimony without any express discussion of objections to that testimony raised in a plaintiff's post-hearing brief. *Brault* 683 F.3d 443, 448 (2d Cir. 2012). As here, the plaintiff in *Brault* had cross-examined the VE at the hearing, but was also permitted to submit a post-hearing brief fully setting forth his objections; the ALJ issued an opinion relying upon the VE without directly responding to the objections, and plaintiff insisted "he was owed an explanation." *Id*. The court disagreed: "[a]ssuming the ALJ had to consider [plaintiff's] objection . . . , we are satisfied that he did so[;] [t]here is no requirement that the ALJ discuss his specific analysis of it." *Id.* Hence in accepting the VE hearing testimony, the ALJ necessarily rejected plaintiff's post-hearing submissions, including Ms. Santagati's statement. *Id. See also Koehler v. Berryhill* No. 17-cv-03487-RMI, 2018 WL 3861725 at * (N.D. Cal. August 14, 2018) (rejecting plaintiff's argument that the HALLEX required an ALJ's opinion to discuss foundational objections to VE testimony raised in plaintiff's post-hearing brief).

Substantial evidence supports the ALJ's determination that jobs that exist in significant numbers in the national economy that plaintiff can perform, given his age, education, work experience and RFC. The ALJ neither erred in relying on the VE in making this finding, nor in not discussing plaintiff's post-hearing submission of Ms. Santagati's statement.

**CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 2nd day of October, 2018.

                                          BRIAN A. TSUCHIDA
                                          Chief United States Magistrate Judge